FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
May 18, 2026
OFFICE OF THE CLERK

AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

Western District of Arkansas
Fort Smith Division

In the Matter of the Search of:
Information Associated Google Email Account(s):
jed.kelley74@gmail.com and dr.jdkelley74@gmail.com
that is Stored at Premises Owned, Maintained, Controlled,
or Operated by Google, LLC.

Case No. 2:26-cm-00035

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*: **This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A), and (c)(1)(A). Specifically, the Court is "a district court of the United States that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).**

located in the Northern District of California, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 2252A(a)(1)<br>18 U.S.C. § 2252A(a)(5)(B) and (b)(2) | Transportation of Child Pornography and Attempt Thereof; Possession of or Access with Intent to View Child Pornography and Attempt Thereof |

The application is based on these facts:

☑ Continued on the attached sheet. **See affidavit of FBI Special Agent Kimberly Allen.**

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* __________ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Kimberly Allen
*Applicant's signature*

Kimberly Allen, FBI Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone *(specify reliable electronic means)*.

Date: 5/18/26

Mark E. Ford
*Judge's signature*

City and state: Fort Smith, Arkansas

Hon. Mark E. Ford, U.S. Magistrate Judge
*Printed name and title*

# ATTACHMENT A

## Property to Be Searched

This warrant applies to information associated with jed.kelley74@gmail.com and dr.jdkelley74@gmail.com ("SUBJECT ACCOUNTS") that are stored at premises owned, maintained, controlled, or operated by Google LLC a company headquartered at 1600 Amphitheatre Parkway, Mountain View, CA 94043.

# ATTACHMENT B

## Particular Things to be Seized

### I. Information to be Produced by the Provider

To the extent that the information described in Attachment A is within the Provider's possession, custody, or control, the Provider is directed to produce the following information associated with the Subject Accounts for the period from November 1, 2025 to present.

a. **Email content.** All emails sent to or from, stored in draft form in, or otherwise associated with, the Subject Accounts, including all message content (including all message content or attachments for emails sent in Google's "confidential" mode), deleted content, attachments, and header information (specifically including the source and destination addresses associated with each email, the date and time at which each email was sent, the size and length of each email, and the IP addresses of the sender and recipient of the email), as well as all forwarding and fetching accounts related to the Subject Accounts.

b. **Google Services Data.** The files and contents associated with the Subject Accounts related to the following Google Services: Google Calendar, Google Chat, Google Contacts, Google Drive, Google Hangouts, Google Maps, Google Meet, Google Messages, Google Pay, Google Photos, and Location History.

c. **Subscriber and payment information.** All subscriber and payment information regarding the Subject Accounts, including but not limited to name, username, address, telephone number, recovery and alternate email addresses, sign-in phone numbers, registration IP address, account creation date, account status, length of service, types of services utilized, means and source of payment, and payment history.

d. **Chrome Browser and web and search history records.** All records relating to Internet search and browsing history, and application usage history, including My Activity, Web & App Activity, device information history, and location history, including Chrome Browser records.

e. **Device Information.** Any information identifying the device or devices used to access the Subject Accounts, including a device serial number, a GUID or Global Unique Identifier, a phone number, serial numbers, MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifiers ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"), and any other information regarding the types of devices used to access the Subject Accounts.

f. **Information Regarding Linked Accounts, Including Accounts Linked by Cookie.**
Any information identifying accounts that are associated with or connected to the Subject Accounts, including but not limited to specifically by cookies; recovery, secondary, forwarding, or alternate email address; Google ID; Android ID; IMEI; creation IP address; telephone number, including SMS recovery number or sign-in account number; or any other account or device identifier.

g. **Transactional records.** All transactional records associated with the Subject Accounts, including any IP logs or other records of session times and durations, along with device information (including user agent strings) used to access the Subject Accounts.

h. **Customer correspondence.** All correspondence with the subscriber or others associated with the Subject Accounts, including complaints, inquiries, or other contacts with support services and records of actions taken.

i. **Preserved or backup records.** Any preserved or backup copies of any of the foregoing categories of records, whether created in response to a preservation request issued by the Government pursuant to 18 U.S.C. § 2703(f).

j. All photos and videos uploaded, distributed, received, or saved in or by the identified accounts.

k. All IP logs, including all records of the IP addresses that logged into the account.

**II. Review of Information by the Government**

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, outside technical experts under government control, and software tools) are authorized to review the records produced by the Provider in order to locate and seize any evidence, fruits, and instrumentalities of Title 18, United States Code, Sections 2252A(a)(1) (transportation of child pornography or attempt thereof) and 2252A(a)(5)(B) (possession of or access with intent to view child pornography or attempt thereof) such as the following:

• Items, records, or information concerning the identity of the users of the Subject Accounts;

- Items, records, or information concerning communications in furtherance of the commission of the Subject Offenses, including records of communications in furtherance of the possession, transportation, receipt, distribution, production, or reproduction of child pornography;
- Evidence of participation in the Subject Offenses, such as communications, videos, images, location data, web history, and other stored content information presently contained in the Subject Accounts, including communications with and images of victims;
- Evidence of any communications between the subjects and victims, victims' family members or associates, and co-conspirators;
- Evidence, including communications, video, images, calendar entries, notes, diary entries, or other documents and records, or relating to incidents of emotional, sexual, and/or physical abuse in Subject Account;.
- Evidence concerning the location of other evidence of the Subject Offenses, including but not limited to information concerning email or other social media accounts potentially containing relevant evidence;
- Evidence of the identities of and communications with potential victims or other offenders in connection with the Subject Offenses;
- Passwords or other information needed to access a user's electronic device(s) or other online accounts that may contain evidence of the Subject Offenses;
- Geolocation data, including but not limited to location reporting and location history data and metadata associated with other files, that would place participants in the Subject Offenses, co-conspirators and aiders and abettors, as well as the devices they used, in

specific places at specific times, and would indicate the use of their devices during those times;

• Communications and other information that could reveal the location of other evidence of the Subject Offenses;

• Originals copies, and negatives of visual or written depictions of minors engaged in sexually explicit conduct;

• Motion pictures, films, videos, and other recordings of visual or written depictions of minors engaged in sexually explicit conduct;

• Records evidencing ownership of the Subject Accounts;

• Information or correspondence pertaining to affiliation with any child exploitation bulletin boards, chat forums, or organizations;

• Any child pornography as defined by 18 U.S.C. § 2256(8); and

• Any child erotica, defined as suggestive visual depictions of nude minors which do not constitute child pornography as defined by 18 U.S.C. § 2256(8) or visual depictions of minors engaged in sexually explicit conduct as defined by 18 U.S.C. § 2256(2).

# AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

I, Kimberly Rae Allen, a Special Agent with the Federal Bureau of Investigation, being duly sworn, depose and state as follows:

## INTRODUCTION

1. I make this affidavit in support of an application for a search warrant for information associated with **jed.kelley74@gmail.com** and **dr.jdkelley74@gmail.com** (hereinafter "**SUBJECT ACCOUNTS**") that is stored at premises owned, maintained, controlled, or operated by Google LLC ("Google"), an electronic communications service and/or remote computing service provider headquartered at 1600 Amphitheater Parkway, Mountain View, California. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Google to disclose to the government copies of the information (including the content of communications) further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

2. I have been employed as a Special Agent ("SA") of the Federal Bureau of Investigation since September 2019 and am currently assigned to the Fort Smith Resident Agency of the Little Rock Division, where my duties include investigations related to violent crimes against children, human trafficking, among others. While employed by the Federal Bureau of Investigation, I have investigated a variety of federal criminal violations related to weapons of mass destruction, domestic terrorism, international terrorism, child exploitation, and child

pornography. I have received training in the areas of child pornography and child exploitation and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256(8)(A), and also referred to in this Affidavit as "child sexual abuse material" or "CSAM") in all forms of media including computer media. Through my training, education, and experience, I have become familiar with the manners in which offenders communicate using e-mail, social media, and the Internet to contact potential victims and to store, transmit, or share explicit child sexual abuse material. Moreover, I am a federal law enforcement officer who is engaged in enforcing the criminal laws, including 18 U.S.C. §§ 2251, 2252, 2252A, 2422, and 2423, and I am authorized by law to request a search warrant.

3. The statements contained in this affidavit are based in part on information provided by Google, LLC; NCMEC; U.S. federal law enforcement agents; written reports about this and other investigations that I have received, directly or indirectly, from other law enforcement agents; information gathered from the service of administrative subpoenas; independent investigation and analysis by law enforcement agents/analysts and computer forensic professionals; and my experience, training and background as a Special Agent. Since this Affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation.

4. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe violations or attempted violations of 18 U.S.C. §§ 2252A(a)(1) (transportation of child pornography and attempt thereof) and 2252A(a)(5)(B) and (b)(2) (possession of or access with intent to view and attempt thereof) have been committed by the individual utilizing the **SUBJECT ACCOUNTS**.

5. There is also probable cause to search the information described in Attachment A for evidence, instrumentalities, contraband and fruits of these crimes as further described in Attachment B.

## JURISDICTION

6. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A), & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

7. On April 22, 2026, your affiant obtained a copy of a National Center for Missing and Exploited Children (NCMEC) CyberTipline Report 224352060 filed by Google, LLC., which is associated with KELLEY. The CyberTipline Report was filed by Google on or about November 26, 2025. Your affiant reviewed a copy of this CyberTipline Report and observed the following:

a. The CyberTip noted that the images appear to contain apparent child pornography.

b. The user account information for the individual utilizing this Google account was:

Name: Jed Kelley

Phone: 479XXX6273

Date of Birth: 09/XX/1974

Email Address: jed.kelley74@gmail.com

Email Address: dr.jdkelley74@gmail.com

a. The CyberTipline contained twenty-four (24) files, which were uploaded to Google on November 25, 2025, between 17:37:35 and 17:37:39 hours UTC, utilizing internet protocol (IP) address 104.151.193.112.

b. Your Affiant reviewed the files and believes they meet the statutory definition of child pornography; additionally, the CyberTipline Report reflected that each files was viewed by the electronic service provider. Three descriptions are as follows:

i. **File name**: Collection4-Video114.Kelly_10_yo_-
_Preteen_amy_in_bath_and_bedroom.MPG~3.jpg

**MD5 Hash:** f435b7a6646438d8fde5584a5c2d78d4

**Description**: An image of a nude prepubescent female lying face up on what appeared to be a bed. An adult white male had his hand on the female's torso. The adult white male's erect penis was exposed, and the penis was pressed against the female's mouth.

ii. **File Name:** Collection4-Video159.Pthc_-
_All_sex_children__slide_pic_video_.mov~3.jpg

**MD5 Hash:** 30bec836fce7acb1785f7509520f0838

**Description:** An image of a prepubescent female nude from the torso up. The female had an erect adult male penis in her mouth.

iii. **File Name:** Collection1-Video144.Nata_love_1.AVI~3.jpg

**MD5 Hash:** aac59840780c51ccbc8ec011d65c231f

**Description:** An image of a prepubescent female nude from the waist down sitting on her knees on what appeared to be a bed. A nude adult male had his erect penis in the female's mouth.

8. When your affiant received CyberTipline Report 224352060 in April 2026, Arkansas State Police provided a law enforcement report indicating that the telephone number 479-XXX-6273 was associated with JEREMY KELLEY (hereinafter **KELLEY**), date of birth September XX, 1974. A check with the Arkansas Department of Motor Vehicles on or about April 22, 2026, revealed that an individual by the name of Jeremy **KELLEY**, and with a birth date of September XX, 1974[1], had a driver's license with a residence listed in the Western District of Arkansas. The check also revealed that **KELLEY** was listed as a registered sex offender. Criminal history for **KELLEY** revealed a 2016 federal felony conviction in the Western District of Arkansas for sexual exploitation of a minor. **KELLEY** was registered as a sex offender with the Crawford County Sheriff's Office in Arkansas as early as October 2024. **KELLEY's** sex offender registration indicated that **KELLEY**, date of birth September XX, 1974, had a present address of 5818 Old Uniontown Road, Van Buren, Arkansas 72956; a present employer of Hobby Lobby (5900 Rogers Avenue, Fort Smith, Arkansas 72903); a telephone number of 479-XXX-6273; an email address of dr.jdkelley74@gmail.com; and a 2014 white Jeep Patriot with Arkansas License Plate (ARLP) GOFLOAT as a registered vehicle.

9. Based on legal records obtained from T-Mobile in April 2026, **KELLEY** was the subscriber for telephone number 479-XXX-6273. The records indicated a device IMEI of 351460454870490I associated with the telephone number. Your affiant additionally obtained legal records for the Google accounts associated with jed.kelley74@gmail.com and dr.jdkelley74@gmail.com. Subscriber information for jed.kelley74@gmail.com indicated a Google ID of 402792148792 and associated name of JED KELLEY. The recovery telephone

---

[1] Kellye's DOB and phone number are redacted throughout but are the same date and phone number listed in the CyberTipline Report and other sources listed throughout this Affidavit.

number provided was 479-XXX-6273. Billing information indicated a customer name of JEREMY KELLEY, and the IP address of 104.151.193.112 was used to log into the account. Subscriber information for dr.jdkelley74@gmail.com indicated a Google ID of 642498363936 and associated name of JEREMY KELLEY. Billing information indicated a customer name of JEREMY KELLEY, and the IP address of 104.151.193.112 was used to log into the account.

10. Based on open-source research, the IP Address 104.151.193.112 is assigned to Wave Rural Connect LLC and resolves to a location in Arkansas. Based on legal records obtained from Wave Rural in April 2026, subscriber information for IP address 104.151.193.112 returned the subscriber information from June 1, 2025 to April 23, 2026 to GARY KING, with account number WAVE87998-004; address 5818 Old Uniontown Road, Van Buren, Arkansas 72956; and mailing address 1401 Cliffside Way, Van Buren, Arkansas 72956. An email address cking3241@yahoo.com was associated with the account. Law enforcement database checks indicated that the email address cking3241@yahoo.com was associated with CHLOE KING. According to information received in April 2026 from Ryan Forsyth, United States Probation Officer Specialist, Western District of Arkansas, who is assigned to supervise **KELLEY** while on federal supervised release, **KELLEY** has been cohabitating with his girlfriend CHLOE KING at 5818 Old Uniontown Road, Van Buren, Arkansas 72956 since January 2025. GARY KING is believed to be the father of CHLOE KING. Crawford County, Arkansas tax records indicated that GARY KING owned the 5818 Old Uniontown Road, Van Buren, Arkansas.

11. Additional open-source research revealed a Facebook account for "Jed Kelley." Numerous photos available for public view on the Facebook account are images of an individual matching the driver's license photo for **KELLEY**. **KELLEY** is believed to use "Jed" as an alias.

There are additional photos of **KELLEY** with an individual who matches the driver's license photo of CHLOE KING.



Photo from Jeremy Kelley's Driver's License Issued 9/4/2025




Photos in "Jed Kelley" Facebook account

12. According to United States Probation Officer Specialist Forsyth, **KELLEY** lived with his mother and stepfather in Barling, Arkansas until January 2025 when he moved in with

CHLOE KING. 5818 Old Uniontown Road, Van Buren, Arkansas 72956 is the address **KELLEY** provided to Probation, and Probation has consistently conducted home visits with **KELLEY** at the address every 60 days since January 2025. The last visit was in April 2026. **KELLEY** additionally had the email address dr.jdkelley74@gmail.com and the telephone number 479-XXX-6273 on file with Probation.

## BACKGROUND CONCERNING GOOGLE[2]

13. Google is a United States company that offers to the public through its Google Accounts a variety of online services, including email, cloud storage, digital payments, and productivity applications, which can be accessed through a web browser or mobile applications. Google also offers to anyone, whether or not they have a Google Account, a free web browser called Google Chrome, a free search engine called Google Search, a free video streaming site called YouTube, a free mapping service called Google Maps, and a free traffic tracking service called Waze. Many of these free services offer additional functionality if the user signs into their Google Account.

14. In addition, Google offers an operating system ("OS") for mobile devices, including cellular phones, known as Android. Google also sells devices, including laptops, mobile phones, tablets, smart speakers, security cameras, and wireless routers. Users of Android and Google devices are prompted to connect their device to a Google Account when they first turn on the device, and a Google Account is required for certain functionalities on these devices.

---

[2] The information in this section is based on information published by Google on its public websites, including, but not limited to, the following webpages: the "Google legal policy and products" page available to registered law enforcement at lers.google.com; product pages on support.google.com; or product pages on about.google.com.

15. Signing up for a Google Account automatically generates an email address at the domain gmail.com. That email address will be the log-in username for access to the Google Account.

16. Google advertises its services as "One Account. All of Google working for you." Once logged into a Google Account, a user can connect to Google's full suite of services offered to the general public, described in further detail below. In addition, Google keeps certain records indicating ownership and usage of the Google Account across services, described further after the description of services below.

17. Google provides email services (called Gmail) to Google Accounts through email addresses at gmail.com or enterprise email addresses hosted by Google. Gmail can be accessed through a web browser or a mobile application. Additional email addresses ("recovery," "secondary," "forwarding," or "alternate" email addresses) can be associated with the Google Account by the user. Google preserves emails associated with a Google Account indefinitely, unless the user deletes them.

18. Google provides an address book for Google Accounts through Google Contacts. Google Contacts stores contacts the user affirmatively adds to the address book, as well as contacts the user has interacted with in Google products. Google Contacts can store up to 25,000 contacts. Users can send messages to more than one contact at a time by manually creating a group within Google Contacts or communicate with an email distribution list called a Google Group. Users have the option to sync their Android mobile phone or device address book with their account so it is stored in Google Contacts. Google preserves contacts indefinitely, unless the user deletes them. Contacts can be accessed from the same browser window as other Google products like Gmail and Calendar.

19. Google offers a cloud-based photo and video storage service called Google Photos. Users can share or receive photos and videos with others. Google Photos can be trained to recognize individuals, places, and objects in photos and videos and automatically tag them for easy retrieval via a search bar. Users have the option to sync their mobile phone or device photos to Google Photos. Google preserves files stored in Google Photos indefinitely, unless the user deletes them.

20. Google offers a map service called Google Maps which can be searched for addresses or points of interest. Google Maps can provide users with turn-by-turn directions from one location to another using a range of transportation options (driving, biking, walking, etc.) and real-time traffic updates. Users can share their real-time location with others through Google Maps by using the Location Sharing feature. And users can find and plan an itinerary using Google Trips. A Google Account is not required to use Google Maps, but if users log into their Google Account while using Google Maps, they can save locations to their account, keep a history of their Google Maps searches, and create personalized maps using Google My Maps. Google stores Maps data indefinitely, unless the user deletes it.

21. Google offers a free web browser service called Google Chrome which facilitates access to the Internet. Chrome retains a record of a user's browsing history and allows users to save favorite sites as bookmarks for easy access. If a user is logged into their Google Account on Chrome and has the appropriate settings enabled, their browsing history, bookmarks, and other browser settings may be saved to their Google Account in a record called My Activity. My Activity also collects and retains data about searches that users conduct within their own Google Account or using the Google Search service while logged into their Google Account, including queries made to Google Gemini, "personal AI assistant," voice queries made to the Google artificial

intelligence-powered virtual assistant Google Assistant or commands made to Google Home products. Google also has the capacity to track the websites visited using its Google Chrome web browser service, applications used by Android users, ads clicked, and the use of Google applications by iPhone users. According to Google, this search, browsing, and application use history may be associated with a Google Account when the user is logged into their Google Account on the browser or device and certain global settings are enabled, such as Web & App Activity. Google Assistant and Google Home voice queries and commands may also be associated with the account if certain global settings are enabled, such as Voice & Audio Activity tracking. Google maintains these records indefinitely for accounts created before June 2020, unless the user deletes them or opts in to automatic deletion every three or eighteen months. Accounts created after June 2020 auto-delete Web & App Activity after eighteen months unless the user affirmatively changes the retention setting to indefinite retention or auto-deletion at three months.

22. Google integrates its various services to make it easier for Google Accounts to access the full Google suite of services. For example, users accessing their Google Account through their browser can toggle between Google Services via a toolbar displayed on the top of most Google service pages, including Gmail and Drive. Google Hangout, Meet, and Chat conversations pop up within the same browser window as Gmail. Attachments in Gmail are displayed with a button that allows the user to save the attachment directly to Google Drive. If someone shares a document with a Google Account user in Google Docs, the contact information for that individual will be saved in the user's Google Contacts. Google Voice voicemail transcripts and missed call notifications can be sent to a user's Gmail account. And if a user logs into their Google Account on the Chrome browser, their subsequent Chrome browser and Google Search activity is associated with that Google Account, depending on user settings.

23. When individuals register with Google for a Google Account, Google asks users to provide certain personal identifying information, including the user's full name, telephone number, birthday, and gender. If a user is paying for services, the user must also provide a physical address and means and source of payment.

24. Google typically retains and can provide certain transactional information about the creation and use of each account on its system. Google captures the date on which the account was created, the length of service, log-in times and durations, the types of services utilized by the Google Account, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account (such as logging into the account via Google's website or using a mobile application), details about the devices used to access the account, and other log files that reflect usage of the account. In addition, Google keeps records of the Internet Protocol ("IP") addresses used to register the account and accept Google's terms of service, as well as the IP addresses associated with particular logins to the account. Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the Google Account.

25. Google maintains the communications, files, and associated records for each service used by a Google Account on servers under its control. Even after a user deletes a communication or file from their Google Account, it may continue to be available on Google's servers for a certain period of time.

26. In my training and experience, evidence of who was using a Google account and from where, and evidence related to criminal activity of the kind described above, may be found in the files and records described above. This evidence may establish the "who, what, why, when,

where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or, alternatively, to exclude the innocent from further suspicion.

27. Based on my training and experience, messages, emails, voicemails, photos, videos, documents, and internet searches are often created and used in furtherance of criminal activity, including to communicate and facilitate the offenses under investigation. Thus, stored communications and files connected to a Google Account may provide direct evidence of the offenses under investigation.

28. In addition, the user's account activity, logs, stored electronic communications, and other data retained by Google can indicate who has used or controlled the account. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. For example, subscriber information, email and messaging logs, documents, and photos and videos (and the data associated with the foregoing, such as geo-location, date and time) may be evidence of who used or controlled the account at a relevant time. As an example, because every device has unique hardware and software identifiers, and because every device that connects to the Internet must use an IP address, IP address and device identifier information can help to identify which computers or other devices were used to access the account. Such information also allows investigators to understand the geographic and chronological context of access, use, and events relating to the crime under investigation.

29. Account activity may also provide relevant insight into the account owner's state of mind as it relates to the offenses under investigation. For example, information on the account may indicate the owner's motive and intent to commit a crime (*e.g.*, information indicating a plan to commit a crime), or consciousness of guilt (*e.g.*, deleting account information in an effort to conceal evidence from law enforcement).

30. Other information connected to the use of a Google account may lead to the discovery of additional evidence. For example, the apps downloaded from the Google Play store may reveal services used in furtherance of the crimes under investigation or services used to communicate with co-conspirators. In addition, emails, instant messages, Internet activity, documents, and contact and calendar information can lead to the identification of co-conspirators and instrumentalities of the crimes under investigation.

31. Therefore, Google's servers are likely to contain stored electronic communications and information concerning subscribers and their use of Google services. In my training and experience, such information may constitute evidence of the crimes under investigation including information that can be used to identify the account's user or users.

## CONCLUSION

32. Based on the forgoing, probable cause exists to believe there is located on the computer servers of Google Inc., 1600 Amphitheatre Parkway, Mountain View, California 94043, evidence of violations of Title 18, United States Code, Sections 2252A(a)(1) and 2252A(a)(5)(B). Your Affiant prays upon this honorable court to issue a search warrant to Google Inc., for the items set forth in attachment "B" that constitute evidence, fruits, and instrumentalities of violation of Title 18, United States Code, Sections 2252A(a)(1) and 2252A(a)(5)(B).

33. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant, and the government will execute this warrant by serving the warrant on Google. Because the warrant will be served on Google, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

Respectfully submitted,

KIMBERLY RAE ALLEN
Special Agent
Federal Bureau of Investigation

Sworn and subscribed before me this 18th day of May, 2026.

MARK E. FORD
UNITED STATES MAGISTRATE JUDGE